IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALLEN WITHERALL, | CV 17-00139-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CORRECTIONS HEALTH PARTNERS, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Allen Witherall's Motion to Proceed in Forma Pauperis (Doc. 1), and a proposed Complaint (Doc. 2) alleging he was sexually harassed by a medical provider while incarcerated at the Yellowstone County Detention Facility (YCDF). The motion to proceed in forma pauperis will be granted, but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Witherall must pay the statutory filing fee of $350.00. Mr. Witherall submitted an account statement showing average monthly deposits of $143.14 over the six-month period immediately preceding the filing of his Complaint (March 1, 2017 - September 1, 2017). (Doc.

1

1-1.) Therefore, an initial partial filing fee of $28.63 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Witherall to collect the initial partial filing fee from Mr. Witherall's account and forward it to the Clerk of Court.

Mr. Witherall will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Witherall must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Witherall is held to forward payments from Mr. Witherall's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Mr. Witherall is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine

whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

4

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

Mr. Witherall alleges that he was incarcerated at YCDF from July 4, 2017 to August 30, 2017, and everyday Nurse Chris would enter Mr. Witherall's pod and address the inmates with "There's my sexy bitches." (Complaint, Doc. 2 at 13.) Mr. Witherall contends he made numerous complaints regarding this behavior and nothing was done. He alleges the investigation into the conduct was insufficient, and he felt intimidated during the process.

Mr. Witherall was convicted on April 4, 2017. (*United States v. Witherall*, Criminal Action No. 16-00112-BLG-SPW, Doc. 36.) Accordingly, his claims are construed under the Eighth Amendment to the United States Constitution. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004)(internal citations omitted); *see also Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir. 1997) (holding that prison guard who

engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997)("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.")

Mr. Witherall does not allege that there was ever any sexual contact or other physical sexual abuse. He only alleges verbal sexual harassment which does not rise to the level of a constitutional violation. His allegations fail to state a federal claim for relief and this matter should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on October 18, 2017.

Further the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Witherall failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Witherall may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Witherall is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of November, 2017.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge